### Loretta Gold & Silver Mining Co. v. American Exchange National Bank.

1. MONEY HAD AND RECEIVED—*What is.*—Where one person receives of another, money for a specific purpose, which becomes impossible to perform, and the money remains in his hands, it is in law considered as money had and received to the use of the person from whom it is received.

2. RATIFICATION—*Must be with a Knowledge of the Facts.*—The act of ratification, in order to bind a party, must be made with a full knowledge of the facts.

Assumpsit.—Money had and received. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1895. Reversed, and judgment entered in this court for the appellant. Opinion filed December 2, 1895.

DEFREES, BRACE & RITTER, attorneys for appellant.

SWIFT, CAMPBELL, JONES & MARTIN, attorneys for appellee.

Loretta Mining Co. v. Am. Exchange Nat. Bk.

Mr. Presiding Justice Gary delivered the opinion of the Court.

This case was submitted to the Circuit Court without a jury, upon an agreed statement of facts. We copy from the record as follows:

"The plaintiff is a corporation organized under the laws of the State of Wisconsin, and prior and subsequent to the dates hereinafter named was the owner of and operated a mine at Barker, Montana; that one M. J. Dunn, being the same person hereinafter named, was, during all said times, the superintendent of plaintiff at Barker, Montana, in the employ of the plaintiff; and that the defendant is, and for six years past has been, a corporation organized under the national bank act, and doing business at Chicago, Illinois.

On the 21st day of July, 1893, the plaintiff mailed at Milwaukee, Wisconsin, to the defendant at Chicago, Illinois, a letter inclosing a draft in the form of a draft drawn by one bank upon another, payable to the order of the defendant, for seven hundred and fifty dollars ($750), which said letter was as follows, to wit:

Board of Directors.

John M. Connolly, President.    James Foley, Treasurer.
Paul J. Foley, Vice-President.    P. Henry Reilly.
Charles R. Groth, Secretary.
Michael J. Dunn, Superintendent Loretta Gold and Silver Mining Company.
Secretary's office, Number 462 Broadway,
Milwaukee, Wis., 7—2—'93.

American Exchange National Bank, Chicago, Ill.

Gentlemen: Enclosed please find draft for $750 for credit of account Merchants National Bank, Great Falls, Montana, use of M. J. Dunn, our superintendent at Barker, Montana.

Yours truly,

C. R. Groth, Secretary.

That on July 21, 1893, the plaintiff telegraphed said M. J. Dunn at Barker, Montana, as follows: 'Have deposited your account, seven hundred fifty dollars;' and on July 21,

1893, plaintiff also telegraphed said Merchants National Bank of Great Falls, Montana, as follows: 'Have deposited seven hundred fifty dollars, M. J. Dunn's account.'

That said M. J. Dunn, prior to May 10, 1893, and from that time up to and including the time of the failure of said Merchants National Bank of Great Falls, Montana, kept in the name of M. J. Dunn a current bank account with said Merchants National Bank of Great Falls, Montana, and kept in said account, without the knowledge or consent of plaintiff, but with the knowledge of said Merchants National Bank, funds belonging to plaintiff: and said $750 was to be used by said Dunn as such superintendent, for the benefit and on account of the plaintiff; that said Merchants National Bank of Great Falls, Montana, on the receipt by it of the foregoing telegram, from plaintiff to it, on July 21, 1893, credited said $750 to the said account of M. J. Dunn; that the deposit ticket crediting said amount was as follows:

MERCHANTS NATIONAL BANK,
Great Falls, Montana.
Deposited for account of
M. J. Dunn, 7—21—1893.

| Currency, .................................... | |
| Gold, ......................................... | |
| Silver, ....................................... | |
| Please list checks separately. | |
| Transfer Chicago........................... | $750 |

That the particular manner in which said deposit was made was unknown to the plaintiff, but said Merchants National Bank knew that said funds belonged to the plaintiff.

And said Merchants National Bank on July 21, 1893, charged the said $750 on its books to its account with defendant.

That said letter and draft for $750 were received by defendant at Chicago, Illinois, on July 22, 1893; that no other or different instructions regarding said draft were given to the defendant by the plaintiff; that the plaintiff was not, at the time of the receipt of said draft, nor has it since been,

indebted to defendant in any sum whatever; that the defendant, for more than a year prior to the 23d day of July, 1893, was the correspondent at Chicago of the said Merchants National Bank of Great Falls, Montana, and said Merchants National Bank kept a current account with said defendant bank; that said sum of $750 was, on July 22, 1893, credited generally to the account of said Merchants National Bank of Great Falls, Montana, on the books of defendant, without the knowledge or consent of the plaintiff, and that the said funds were never in fact forwarded by said defendant to said Merchants National Bank, or to said Dunn, as superintendent or otherwise; that on the 22d day of July, 1893, the defendant, without the knowledge or consent of the plaintiff, mailed a postal card at Chicago, Ill., addressed to said Merchants National Bank at Great Falls, Montana, regarding said draft for $750, which postal card was in words and figures following:

CHICAGO, 7—22—'93.

We have received your favor of 7—21 with enclosure as stated. We credit　　　　　　　Amount.　　　　Exch.

| By Milw | $750. |
|---|---|

That said postal card, from defendant to said Merchants National Bank, was not received by said bank at Great Falls, Montana, until after the 23d of July, 1893; that at the close of business on the evening of July 23, 1893, said Merchants National Bank of Great Falls, Montana, closed its doors and did not open them thereafter; that on the morning of July 24, 1893, said Merchants National Bank went into the hands of the National Bank examiner, pursuant to orders from the comptroller of the currency at Washington, D. C., and a receiver was subsequently appointed therefor, and is now winding up the affairs of said bank; that plaintiff demanded from defendant said sum of $750 on July 26, 1893, and at divers times since that date; that at the time of the receipt by defendant of said $750 draft and letter and at the time of the failure of said Merchants National Bank of Great Falls, Montana, said Merchants National Bank was indebted to the defendant on the books of

the defendant in an amount largely in excess of said $750; that the defendant has not paid, to the plaintiff said sum of $750, or any part thereof, but has declined and refused so to do after repeated demand made.

That on September 11, 1893, said M. J. Dunn, without the knowledge, consent or authority of said plaintiff, filed with the receiver of said Merchants National Bank of Great Falls, Montana, a proof of claim in words and figures following:

Proof of Claim.

State of Montana, } ss.  No. 54.
County of Cascade. }

Personally appeared before me, the undersigned, a notary public in and for said county, M. J. Dunn, of Barker, Montana, who being duly sworn, says that the Merchants National Bank of Great Falls, Montana, is justly indebted to M. J. Dunn in the sum of $756.63, upon the following claim, to-wit:

Individual deposit ledger acc. $756.63.

All of which is due and payable to me alone, I having given no indorsements or assignments of the same, or any part thereof, and I further say that I know of no set-off or other legal or equitable defense to said claim or any part thereof.

(Name)   M. J. Dunn,
(Residence)   Barker, Montana.

Sworn to and subscribed before me this 11th day of September, A. D. 1893.

Witness my hand and official seal.

Harry B. Hill,
(Notarial Seal.)                                    Notary Public.

That said claim has been allowed against said Merchants National Bank of Great Falls, Montana, without the knowledge, consent, procurement or authority of the plaintiff, and that said claim included a balance of six dollars and sixty-three cents, which on July 20, 1893, stood to the credit of said Dunn's account on the books of said Merchants National Bank, and the $750 which said Merchants National Bank

placed to the credit of said Dunn's account on July 21, 1893, on the receipt by it of the telegram hereinbefore mentioned from plaintiff, all of which was unknown to the plaintiff, that said $750 of said $756.63 is the same $750 for which plaintiff is seeking to recover from defendant in this case.

That on the 10th day of May, 1893, the said plaintiff sent by mail from Milwaukee, Wisconsin, to defendant at Chicago, Ill., a bank draft drawn by one bank upon another, for the $2,000, payable to defendant's order, with the following letter:

Milwaukee, Wis., May 10, 1893.

American Exchange National Bank, Chicago, Illinois.

GENTLEMEN: Enclosed please find draft for $2,000, for credit of account Merchants National Bank, Great Falls, Montana, use of M. J. Dunn, our superintendent at Barker, Montana. Yours truly,

C. R. Groth, Secretary.

That on May 10, 1893, plaintiff telegraphed said Dunn at Barker, Montana, as follows:

'Have deposited you account two thousand dollars.'

And on said May 10, 1893, plaintiff also telegraphed said Merchants National Bank of Great Falls, Montana:

'Have deposited two thousand dollars M. J. Dunn's account;' that said Merchants National Bank received said telegram from said plaintiff on May 10, 1893, and on May 10, 1893, credited said $2,000 on its books to said account of said M. J. Dunn, and the deposit ticket for the said credit was as follows:

Merchants National Bank.
Great Falls, Montana.

Deposited for account of

M. J. Dunn, 5—10— '93.

| | | |
|---|---|---|
| Gold............................................. | | |
| Currency........................................ | | |
| Silver.......................................... | | |
| Please list checks separately. | | |
| Transfer Chicago............................... | $2000 | |

And on the same day said Merchants National Bank charged said $2,000 on its books to its account with defendant; that at all said times said Merchants National Bank knew that said Dunn was the plaintiff's superintendent, and that said funds belonged to the plaintiff and were so sent and deposited to be used in and about plaintiff's said business.

That said defendant received said last mentioned letter and draft for $2,000 on May 11, 1893, and on said May 11, 1893, on the receipt thereof at once placed the same to the credit generally of the account of said Merchants National Bank on the books of defendant, without the knowledge or consent of plaintiff, and defendant on May 11, 1893, advised said Merchants National Bank by letter of said credit, without the knowledge or consent of plaintiff, as follows:

Chicago, May 11, 1893.
Merchants National Bank, Great Falls, Montana.

Your account is credited this day $2,000, received from Loretta Gold & Silver Mining Company, for use M. J. Dunn, superintendent, Barker, Montana.

Number 1643.

Arthur Tower,
Second Assistant Cashier.

That on June 2, 1893, said plaintiff mailed defendant from Milwaukee, Wisconsin, a draft in the form drawn by one bank upon another bank, payable to defendant's order, for $1,700, with the following letter:

Milwaukee, Wis., June 2, 1893.
American National Bank, Chicago, Illinois.

Gentlemen: Enclosed please find draft for $1,700 for credit of account Merchants National Bank, Great Falls, Montana, use of M. J. Dunn, our superintendent at Barker, Montana.

Yours truly,
C. R. Groth, Secretary.

That on June 2, 1893, plaintiff telegraphed said Dunn at Barker, Montana, as follows: 'Have deposited your account, seventeen hundred dollars;' and on the same day plaintiff telegraphed said Merchants National Bank Great,

Falls, Montana: 'Have deposited seventeen hundred dollars M. J. Dunn's account;' that said Merchants National Bank received said telegram from said plaintiff on June 2, 1893, and on June 2, 1893, credited said $1,700 to the said account of said Dunn, the deposit ticket for said credit being as follows:

MERCHANTS NATIONAL BANK,

Great Falls, Montana.

Deposited for account of

M. J. Dunn, 6--2—1893.

| | | |
|---|---|---|
| Currency........................................ | | |
| Gold ............................................ | | |
| Silver .......................................... | | |
| Please list checks separately. | | |
| Trans. Chicago................................. | $1700 | |

But that the particular manner in which said deposit was in fact, made, was unknown to the plaintiff.

And on the same day said Merchants National Bank charged said $1,700 on its books to its account with defendant.

That said defendant received at Chicago, Illinois, said last mentioned letter and draft for $1,700 on June 3, 1893, and on June 3, 1893, without the knowledge or consent of plaintiff, credited the same generally on its books to the account of said Merchants National Bank of Great Falls, Montana, on the books of defendant, and on June 3, 1893, advised said Merchants National Bank, without the knowledge or consent of plaintiff, by letter mailed at Chicago on said day of said credit as follows:

CHICAGO, June 3, 1893.

Merchants National Bank, Great Falls, Montana.

Your account is credited this day, $1,700, received from Loretta Gold & Silver Mining Company, for use M. J. Dunn, superintendent, Barker, Montana.

No. 1706.

ARTHUR TOWER,

Second Assistant Cashier.

That on June 6, 1893, plaintiff mailed, at Milwaukee, to defendant at Chicago, Illinois, a draft for $1,100 enclosed in the following letter:

MILWAUKEE, Wis., June 6, 1893.

American Exchange National Bank, Chicago.

GENTLEMEN: Enclosed please find draft for $1,100, for credit of account Merchants National Bank, Great Falls, Montana, use of M. J. Dunn, our superintendent, at Barker, Montana.

Respectfully,

C. R. GROTH, Secretary.

That on June 6, 1893, plaintiff telegraphed said Dunn at Barker, Montana, as follows: 'Have deposited your account eleven hundred dollars;' and on said June 6, 1893, plaintiff also telegraphed said Merchants National Bank, Great Falls, Montana, 'Have deposited eleven hundred dollars M. J. Dunn's account;' that said Merchants National Bank received said telegram from said plaintiff on June 6, 1893, at Barker, Montana, and on receipt of the said telegram, and on said June 6, 1893, credited said $1,100 on its books to the said account of said Dunn with it, the deposit ticket for such credit being as follows:

MERCHANTS NATIONAL BANK,

Great Falls, Montana.

Deposited for account of

M. J. Dunn, 6—61—893.

| | | | |
|---|---|---|---|
| Currency ........................:...... | | | |
| Gold................................... | | | |
| Silver................................. | | | |
| Please list checks separately. | | | |
| Transfer, Chicago.................... | $1100 | | |

That said defendant on June 7, 1893, received at Chicago, Illinois, said last mentioned letter and draft for $1,100, and on said June 7, 1893, immediately on receipt thereof credited the same generally on defendant's books to the said account of said Merchants National Bank, without the

knowledge or consent of plaintiff, and on June 7, 1893, by letter mailed at Chicago to said Merchants National Bank of Great Falls, Montana, advised said Merchants National Bank of said credit as follows :

Chicago, 6—7—1893.

Merchants National Bank, Great Falls, Montana.

Your account is credited this day $1,100, received from Loretta Gold & Silver Mining Company, for use of M. J. Dunn, superintendent at Barker, Montana.

Arthur Tower,<br>Second Assistant Cashier.

That on and prior to May 10, 1893, and up to and including the time of the failure of said Merchants National Bank, it had been agreed between said plaintiff and said Merchants National Bank, that when said plaintiff should telegraph said Merchants National Bank of Great Falls, Montana, that plaintiff had deposited any money for said M. J. Dunn's account, said Merchants National Bank of Great Falls, Montana, should understand that such deposit had been made by plaintiff with defendant for the credit of the account of said Merchants National Bank of Great Falls, Montana, with the defendant for the use of said Dunn as superintendent for the plaintiff as aforesaid, and that on receipt of any such telegram from the plaintiff said Merchants National Bank should, and in every instance did, at once place the amount mentioned in said telegram to the credit on the books of said Merchants National Bank of Great Falls, Montana, of said Dunn's account with it, and the same became at once subject to the payment of said Dunn's checks; that said arrangement between plaintiff and said Merchants National Bank of Great Falls, Montana, was made in order that any amount that plaintiff might send to defendant under said agreement might at once be credited to said Dunn's account on the books of said Merchants National Bank at Great Falls, Montana, and be at once available to check against.

It is agreed and understood that the court may draw any inferences of fact from the facts herein agreed on, that a

jury would be at liberty to draw from such facts if proved at the trial, and both sides reserve the right to appeal from such judgment as shall be entered in the premises or sue out a writ of error to reverse the same."

And thereupon the plaintiff presented the following prop osition of law, viz. :

" The court holds, as a matter of law, that upon the facts admitted and agreed upon in this case, plaintiff is entitled to recover."

And the defendant submitted the following proposition of law, viz. :

" That upon the facts admitted and agreed upon in this case the finding upon the issues herein, must, as a matter of law, be for the defendant."

And the court refused to hold the proposition of law tendered by the plaintiff, and held the proposition tendered by the defendant.

And thereupon the court found the issues in this cause for the defendant, and held, as a matter of law, that the plaintiff is not entitled to recover upon the facts agreed upon and set forth in said agreed statement, to which finding the plaintiff then and there duly excepted.

The appellee received the money of the appellant to be used for a specific purpose, which has become impossible by reason of the failure of the Montana bank.

The money remains with the appellee, which has not changed its position toward anybody by reason of the receipt of the money, and the appellant has demanded it back. It is money had and received to the use of the appellant.

The principle upon which the cases, Drovers' Nat. Bk. v. O'Hare, 119 Ill. 646; Union Stock Yards Nat. Bk. v. Dumond, 150 Ill. 501, and Clemmer v. Drovers' Nat. Bk., 157 Ill. 206, were decided, apply to this case.

The judgment will be reversed and judgment entered here in favor of the appellant for $750.   That Dunn, without authority from, or ratification by, the appellant, has been allowed a claim against the Montana bank for the same money, is relied upon by the appellee as a defense only by

way of asserting that the appellant must be held to have ratified by not repudiating the act of Dunn.

The appellee, being a creditor of the Montana bank, can, doubtless, easily have Dunn's allowance against it reduced, or, on payment of the judgment here, be subrogated to that claim to the amount here involved.